UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Yoel Engel, Joel Drezdner,

*Defendants.*

**Protective Order**

**22 Cr. 148**

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's

designation of material as sensitive disclosure material will be controlling absent contrary order of the Court. Nothing in this Order shall be interpreted as an agreement by the defendant that material designated by the Government pursuant to this paragraph is properly designated Sensitive Information.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

2. Disclosure material that is not sensitive disclosure material may be disclosed by counsel to:

(a) The defendants;

(b) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(c) Prospective witnesses for purposes of defending this action or individuals who the defense in good faith believes may be able to provide the defense with leads or information for purposes of defending this action; and

(d) Such other persons as hereafter ordered by the Court.

3. Sensitive disclosure material shall be disclosed only as follows:

(a) No copies of sensitive disclosure material may be provided to or maintained by the defendant or any prospective witnesses, and may be reviewed by the defendant or prospective witnesses at the offices of defense counsel, or in the presence of defense counsel through videoconferencing or other virtual means.

(b) Sensitive disclosure material may be disclosed to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

4. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

5. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

7. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case, including Supreme Court review; the period of direct appeal from any order dismissing any of the charges in the above- captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, the conclusion of any habeas proceedings; or the one-year limitation period to being a petition pursuant to 28 U.S.C. 2255, if

no such petition is filed prior to that time, whichever date is later. If disclosure material is provided toany prospective witnesses, counsel shall make reasonable efforts to seek the return or destructionof such materials.

8. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

10. In the event of any dispute as to the Government's designation of particular material as Sensitive Disclosure Material, including any assertion that designation of particular material as Sensitive Information will materially impede defense counsel's efforts to prepare a defense, the parties shall meet and confer regarding such dispute, without prejudice to defense counsel's ability to seek dedesignation of such material by the Court. Absent a contrary order of this Court, the Government's designation of material as Sensitive Information shall be controlling. If defense counsel asserts that the designation of particular material as Sensitive Information will materially impede defense counsel's efforts, defense counsel shall propose alternative protections for such material that defense counsel believes are sufficient, but not greater than necessary, to mitigate any risks arising from the de-designation of such material.

**Retention of Jurisdiction**

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

12. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: ______________________ Date: 03/25/22
Steven J. Kochevar
Assistant United States Attorney

______________________ Date: March 25, 2022
Gedalia Stern
Counsel for Yoel Engel /AB

______________________ Date: 3/25/2022
Steven Yurowitz
Counsel for Joel Drezdner

SO ORDERED:

Dated: White Plains, New York
March 27, 2022

______________________
THE HONORABLE KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE